FERDINAND IP LAW GROUP
Alexander R. Malbin, Esq. (AM 9385)
Edmund J. Ferdinand, III, Esq. (EF 9885)
John F. Olsen, Esq. (JO 8553)
450 Seventh Avenue, Suite 2300
New York, NY 10123
Phone: (212) 220-0523
AMalbin@FIPLawGroup.com
JFerdinand@FIPLawGroup.com
JOlsen@FIPLawGroup.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ST. CHARLES NEW YORK INC.,<br><br>      Plaintiff,<br><br>   - against -<br><br>E. LAWRENCE DESIGN, LLC; NEW DAY WOODWORK, INC., RBL METALS, LLC, AMY SCHORR, and BRIAN SCHORR,<br><br>      Defendants. | Index No.: 1:23-cv-4622<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, St. Charles New York Inc. ("Plaintiff"), by its attorneys, for its Complaint against Defendants, E. Lawrence Design, LLC ("Lawrence"), New Day Woodwork, Inc. ("New Day"), RBL Metals, LLC ("RBL"), and Amy and Brian Schorr (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1. This is an action for patent infringement arising under the patent laws of the United States, including 28 U.S.C. §§ 271, 281-285 and 289.

2. This lawsuit pertains to Defendants' infringement of Plaintiff's U.S. Design Patent No. D895,333 (the "D'333 Patent"). The D'333 Patent protects Plaintiff's

ornamental design of a unique cabinetry door. A true and complete copy of the D'333 Patent is attached hereto as Exhibit A.

3. Plaintiff seeks injunctive relief and damages against Defendants.

## THE PARTIES

4. Plaintiff, St. Charles New York Inc., is a New York corporation with its principal place of business located at 150 East 58th Street, 8th Floor, New York, New York 10155.

5. Upon information and belief, Defendant, E. Lawrence Design, LLC is a Florida limited liability company that is registered to do business in the State of New York and has its principal place of business located 425 West 23rd Street, New York, New York.

6. Upon information and belief, Defendant RBL Metals, LLC is a New York limited liability company with its principal place of business located at 88-61 76th Avenue, Glendale, New York 11385.

7. Upon information and belief, Defendant New Day Woodwork, Inc. is a New York corporation with its principal place of business located at 88-61 76th Avenue, Glendale, New York 11385.

8. Defendants Amy and Brian Schorr are individuals who are husband and wife, residing at 21 East 87th Street, New York, NY 10028.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court may exercise personal jurisdiction over Defendants because

Defendants: (i) are New York residents, entities and/or are registered to business in New York and engage in continuous and systematic business activities in the State of New York and this Judicial District; and/or (ii) regularly solicit business in New York and this Judicial District and derive substantial revenue from interstate commerce; and/or (iii) have purposely directed substantial activities at the residents of New York and this Judicial District and derive substantial revenue from interstate commerce; and/or (iv) have committed tortious acts (namely, the acts of patent infringement alleged herein) directed at persons located in this State and this Judicial District.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants manufacture, offer to sell and sell the products alleged to infringe the '333 Patent in this Judicial District.

## FACTS COMMON TO THE COUNTS

A. **Plaintiff's Patented Design**

12. Plaintiff is a renowned kitchen design company, based in New York City, tracing its origins back 85 years. The St. Charles kitchen is sought after the world over by famed interior designers, architects, and cultivated homeowners. The St. Charles name is distinguished in American design history for its pioneering series of industry firsts: first to introduce color into the kitchen; first to combine materials such as wood, steel, and laminate; first to offer integral lighting; and first to offer floating, furniture-like cabinetry. Since opening its flagship Manhattan showroom in 1960, the firm has successfully blended imaginative design with its hallmark state-of-the-art production to create kitchens that are as service-oriented as they are beautiful.

13. Among Plaintiff's iconic designs is the "STC No.1 kitchen" cabinetry,

3

featuring lithe and refined horizontal and vertical lines of hardware emulating molding lines, creating a calming and ordered visual effect. The streamlined look is worked out in the proportion of the hardware lines to the cabinetry dimensions, while the integrated hardware cuts a modern, trim, and tailored silhouette. An image of the design of STC No. 1 cabinetry is reproduced herein:



14. Plaintiff owns all right, title and interest in and to the D'333 Patent, disclosing the design of the STC No. 1 kitchen cabinetry door, which was duly and legally issued to Plaintiff on September 8, 2020. The D'333 Patent has a single claim that covers the ornamental design of a cabinetry door, as shown and described in the D'333 Patent's figures.

B. **<u>Defendants' Acts of Infringement</u>**

15. The parties are not strangers. Defendant Lawrence is an interior design firm that contracted with Plaintiff in 2021 for the design, manufacture, and installation of

custom-made kitchen cabinetry for a residential renovation project on behalf of one of Lawrence's clients, Defendants Amy and Brian Schorr, at their residence located on East 87th Street in Manhattan (the "Schorr Project"). Pursuant to the parties' agreement for the Schorr Project, Plaintiff began to deliver and install custom cabinets in the Schorr residence in June 2022. Lawrence claimed that certain of the cabinets were damaged and defective, and demanded that Plaintiff refund or replace the allegedly-damaged cabinetry. A dispute arose between the parties about Lawrence's demand, and when the parties were unable to resolve the dispute, Lawrence filed a civil lawsuit against Plaintiff in the Supreme Court of the State of New York, alleging breach of contract and other violations and seeking monetary damages. Plaintiff filed an Answer in that lawsuit denying the salient allegations of the Complaint and filed Counterclaims seeking monetary damages from Lawrence. The case remains pending.

16. Upon information and belief, Lawrence ripped out the custom-made cabinetry that Plaintiff had installed for the Schorr Project and contracted with Defendants New Day and RBL to copy Plaintiff's patented design to create new cabinetry. Upon information and belief, Defendant New Day provided the millwork and Defendant RBL provided the metal hardware for cabinetry that infringes the D333 Patent. The completed cabinetry was installed at the Schorr residence.

17. Defendant RBL posted an image of the accused kitchen cabinetry that infringes Plaintiff's D'333 Patent on Instagram and wrongfully and willfully credits Defendant Lawrence with "all design credit" for the cabinet design, when it is in fact Plaintiff's patented design and Defendants had actual knowledge of that fact at all relevant times:



18. Plaintiff sent a demand to Defendant RBL that it remove the Instagram post depicting the image of the above-referenced kitchen cabinetry on May 19, 2023. Defendant RBL promptly complied.

19. Upon information and belief, Defendants have continued to make unauthorized use of the cabinet door depicted in the D'333 Patent in the Schorr project and others.

20. Upon information and belief, Defendants had actual knowledge of the D'333 Patent when they began to manufacture, advertise, market, promote, use, distribute, offer for sale, and/or sell products that infringe the D'333 Patent.

**FIRST CAUSE OF ACTION**
**INFRINGEMENT OF THE D'333 PATENT**

21. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

22. Defendants have been, and presently are, infringing the D'333 Patent by manufacturing, importing, using, selling and/or offering for sale infringing kitchen cabinets that embody the patented invention disclosed in the D'333 Patent, in violation of 35 U.S.C. § 271.

23. Defendants are not licensed or otherwise authorized by Plaintiff to make, use, import, sell or offer to sell any products covered by the D'333 Patent and their conduct is, in every instance, without Plaintiff's consent.

24. The design of the accused kitchen cabinet doors so closely resembles the invention disclosed in the D'333 Patent that an ordinary observer would be deceived into purchasing the accused infringing kitchen cabinet doors in the mistaken belief that they include the invention disclosed in the D'333 Patent.

25. Defendants will continue to manufacture, use, and sell the accused infringing kitchen cabinet doors unless enjoined by this Court.

26. Due to Defendants' infringement of the D'333 Patent, Plaintiff is entitled to recover Defendants' total profits from the sale of the accused infringing cabinet doors pursuant to 35 U.S.C. § 289. In the alternative, Plaintiff is entitled to its lost profits pursuant to 35 U.S.C. § 284, and such profits should be trebled. At a minimum, Plaintiff

is entitled to a reasonable royalty for the use made of the invention by Defendants.

27. Plaintiff has been damaged by the aforementioned acts of Defendants in an amount that is as yet undetermined. If the aforementioned acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law. Plaintiff is therefore entitled to a permanent injunction against Defendants' further infringing conduct.

28. Defendants' infringement of the D'333 Patent has been and continues to be willful in light of their knowledge of the D'333 Patent since at least as early as 2021. Accordingly, this is an exceptional case under 35 U.S.C. § 285 and Plaintiff is entitled to reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every cause of action set forth above and award it relief including, but not limited to, the following:

    A.    Entering judgment that Defendants have infringed the D'333 Patent;

    B.    Preliminarily and permanently enjoining and restraining Defendants, their directors, officers, agents, servants, employees, and subsidiaries, affiliates, and all persons and entities in active concert or participation with them, pursuant to 35 U.S.C. § 283, from further infringement of the D'333 Patent;

    C.    Ordering Defendants to account for all gains, profits and advantages derived from the acts of patent infringement alleged herein and for any and all unauthorized use of the D'333 Patent;

    D.    Ordering that Defendants, jointly and severally, be ordered to disgorge the

profits from their sales of infringing products or to pay damages adequate to compensate Plaintiff for Defendants' infringement of the D'333 Patent, in an amount no less than a reasonable royalty for the use made of the invention disclosed in the D'333 Patent, together with interests and costs as fixed by the Court, pursuant to 35 U.S.C. § 284;

  E. Ordering that any award of damages be increased up to three times the actual amount assessed on account of Defendants' willful, intentional, and bad faith conduct, pursuant to 35 U.S.C. § 284;

  F. Ordering that Defendants be ordered to pay to Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendants' intentional and willful misconduct that renders this an exceptional case, pursuant to 35 U.S.C. § 285; and

  G. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all counts so triable.

Dated: June 1, 2023
      New York, New York

      Respectfully submitted,

      FERDINAND IP LAW GROUP

      By: /s/ Alexander R. Malbin
      Alexander R. Malbin, Esq. (AM 9385)
      Edmund J. Ferdinand, III, Esq. (EF 9885)
      John F. Olsen, Esq. (JO 8553)
      450 Seventh Avenue, Suite 2300
      New York, New York 10123
      (p) (212) 220-0523
      AMalbin@FIPLawGroup.com
      JFerdinand@FIPLawGroup.com
      JOlsen@FIPLawGroup.com

      *Attorneys for the Plaintiff*